HENRY NEWMAN, Plaintiff in Error, v. THE PEOPLE, Defendants in Error.

(GENERAL TERM, FIRST DEPARTMENT, JUNE, 1872.)

One who is charged with a criminal offence may testify as a witness in his own behalf, under the statute of 1869 (chap. 678), although it appears that he has served out a term in the State prison. The law intended to allow a prisoner the benefit and privilege of stating to the jury any matter which was calculated to explain the charge against him, and this privilege was to be enjoyed irrespective of any matter which could disqualify a witness under ordinary circumstances. The degree of credit to which he is entitled is a question for the jury.

*Delamater* v. *The People*, 5 Lansing, 332, approved and followed.

Newman v. The People.

THE facts sufficiently appear from the opinion.

Present—INGRAHAM, P. J.; LEONARD, J.

INGRAHAM, P. J.   On the trial of this case in the Court of General Sessions, the prisoner was put on the stand and examined as a witness in his own behalf, under the provisions of the statute (678 of Laws of 1869), which provides that a party accused of crime shall, at his own request, and not otherwise, be deemed a competent witness in his own behalf. He was examined at length by the counsel for the prisoner and by the district attorney.   On the cross-examination he was asked if he had been in the State prison; he said he had served out his term.   On this proof the district attorney asked the court to charge the jury to disregard his testimony, on the ground that, having served as a felon, being civilly dead in law, he was not competent as a witness.   The court so instructed the jury to wholly disregard the testimony of the prisoner.   We think this was an error.   The law intended to allow a prisoner the benefit and privilege of stating to the jury any matter which was calculated to explain the charge against him; this privilege was to be enjoyed irrespective of any matter which could disqualify a witness under ordinary circumstances.   The degree of credit to which he was entitled was to be decided by the jury and not the court, and yet the court refused him the privilege given to him by the law, because he was not worthy of belief.   This question has been examined and decided in third district, in *Delamater* v. *The People* (5 Lansing, 332).   The court in that case say, " the person charged with any criminal offence, no matter how infamous, should be permitted to testify in his own behalf." It was also an error in the court, if the testimony could have been excluded, to admit the testimony and then direct the jury to disregard it.   However guilty the prisoner may be, he is entitled to all that the law gives him on his trial, and where the provisions and rules of law are violated, it is the duty of the court to direct a new trial.

Judgment is reversed and new trial ordered.